IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AMERIFACTORS FINANCIAL *
GROUP, LLC
                                    *
    Plaintiff,
                                    *       Civil Action No. RDB-19-0207
    v.
                                    *
PHD TECHNOLOGY SOLUTIONS,
LLC, *et al.*                       *

    Defendants.                     *

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff, Amerifactors Financial Group, LLC ("Amerifactors") filed this case on January 22, 2019 against PHD Technology Solutions, LLC ("PHD"), Donnell Wayne Friend ("Friend"), and Chris D. Carlucci ("Carlucci") (collectively, "Defendants"), alleging breach of contract, fraud, and unjust enrichment resulting from a factoring arrangement under which Amerifactors agreed to purchase accounts generated by PHD and guaranteed by Friend and Carlucci. (Compl., ECF No. 1.) The summons to PHD and Friend were served on January 28, 2019, and the summons to Carlucci was served on February 3, 2019. (ECF Nos. 7, 8.) The deadline for Answers by Defendants passed without a response from any Defendant.

On March 3, 2011, Amerifactors filed a Motion for Summary Judgment, seeking a money judgment against Defendants under the applicable contracts as well as a judgment for fraud. (ECF No. 9.) No Defendant responded to the motion.

On April 26, 2016, Amerifactors filed a Motion for Clerk's Entry of Default for want of answer or other defense. (ECF No. 11.) The Clerk's Entry of Default was entered on May 3, 2019. (ECF No. 12.) Each Defendant was sent a Notice of Default, stating:

> You have thirty (30) days from this date to file a motion to vacate the order of default. If you do not take action by this date, the Court will act promptly on any pending motions for entry of default judgment, which may result in a monetary judgment against you.

(ECF Nos. 13, 14, 15.) No Defendant filed any response nor any motion to vacate the order of default. More than 45 days later, on June 19, 2019, Amerifactors filed a Motion for Entry of Default Judgment pursuant to Fed. R. Civ. P. 55. (ECF No. 17.)

For a plaintiff to obtain a default judgment, Rule 55 sets forth a two-step process that first requires the entry of a default by the clerk or the court under Rule 55(a) and then entry of a default judgment under Rule 55(b). Fed. R. Civ. P. 55. Although courts maintain "a strong policy that cases be decided on the merits," *United States v. Schaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), a court may exercise its discretion in granting default judgment when the "adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005). "A court is empowered to enter a default judgment against a defendant who fails to defend its case." *Flynn v. Williams Masonry*, 233 F.R.D. 176, 177 (D.D.C. 2005).

The effect of a defendant's failure to respond under these circumstances is that "[a]n allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P. 8(b)(6). Therefore, the court accepts as true the well-pleaded factual allegations in the complaint related to liability.

*Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780-81 (4th Cir. 2001). Once liability is established, the court must then determine the appropriate amount of damages. *See id.*

Federal Rule of Civil Procedure 54(c) limits the type and amount of damages that may be entered as a result of a party's default: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Where a complaint does not specify an amount, "the court is required to make an independent determination of the sum to be awarded." *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D. D.C. 2001) (citing *S.E.C. v. Mgmt. Dynamics, Inc.*, 515 F.2d 801, 814 (2d Cir. 1975). In doing so, "[i]t is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." *Pope v. United States*, 323 U.S. 1, 12 (1944). While the court may conduct an evidentiary hearing to determine damages, it is not required to do so; it may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum. *See, e.g., Mongue v. Portofino Ristorante*, 751 F. Supp. 2d 789, 795 (D. Md. 2010) (collecting cases); *see also* 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2688 (3d ed. Supp. 2010).

Liability is established in this case based on the undisputed factual pleadings as well as by the affidavits and evidentiary record (*see* ECF No. 17 exhibits) provided by Amerifactors.[1] In sum, between July 23, 2018 and October 9, 2018, Amerifactors advanced monies to PHD under a factoring agreement, guaranteed by Friend and Carlucci. PHD provided data showing

---

[1] Also, damages of $436,839.13 in compensatory damages were pleaded in the Complaint. (See, e.g., ¶¶ 17, 24, 27, 30, 32, 36, 40.)

the existence of invoices totaling $375,392.00 that were uncollectable. Part of that amount, $280,367.25, represented invalid, fraudulent invoices. In October 2018, PHD permanently ceased operations without notice to Amerifactors. In addition to the uncollectable invoices, Amerifactors was damaged in the amount of $61,447.13,[2] which represents PHD's failure to sell the required volume of accounts required by the factoring agreement. The damages total $436,839.13. Based upon the pleadings, the affidavits, and the evidentiary record, this Court agrees with the damage calculations submitted by Amerifactors.

Accordingly, this Court shall GRANT Plaintiff's Motion for Entry of Default Judgment (ECF No. 17) and shall DENY AS MOOT Plaintiff's Motion for Summary Judgment (ECF No. 9). Judgment by default against all Defendants, jointly and severally, in the amount of $436,839.13, plus costs and post-judgment interest, shall be entered in favor of the Plaintiff.[3] Judgment shall be entered by separate order.

Dated: June 24, 2019.

*Richard D. Bennett* (signature)

Richard D. Bennett
United States District Judge

---

[2] This number is based on Exhibit 6 spreadsheet showing the volume shortages. (ECF No. 17-8.) This Court notes that the amount expressed in the Motion Memorandum was $46,085.35, but that amount was not supported by the record evidence, and the totals expressed in the Motion Memorandum reflected volume damages of $61,447.13. (*See* Mot. Mem. 5, 8, ECF No. 17-1.) Further, the Complaint states that the volume damages were $61,447.13. (Compl. ¶ 24, ECF No. 1.)

[3] The Court may set aside a final default judgment under Fed. R. Civ. P. 60(b). *See* Fed. R. Civ. P. 55(c); 60(b).